AMERICAN NATIONAL BANK OF KALAMAZOO *v.* ADMINISTRATOR OF VETERANS' AFFAIRS.

1. CHATTEL MORTGAGES — FORECLOSURE — STATUTES — DEFICIENCY —PUBLIC SALE.

Under statute providing procedure for foreclosure of chattel mortgages and limiting right to deficiency judgments thereunder, a public sale is mandatory where the mortgagor has paid more than 50 per cent. of the debt and, if less than 50 per cent. of the debt has been paid, only upon the written demand of the mortgagor (CL 1948, §§ 566.404, 566.405).

2. SAME—FORECLOSURE—STATUTES.

The purpose of the statute providing procedure for foreclosure of chattel mortgages and limiting right to deficiency judgments was to provide for a public sale of the mortgaged prop-

---

REFERENCES FOR POINTS IN HEADNOTES

[3] 10 Am Jur, Chattel Mortgages, § 268.
[5] 3 Am Jur, Appeal and Error, § 896.

erty in order that the mortgagee, under certain conditions, could obtain a deficiency judgment or retain the property without a public sale and thereby discharge the mortgagor from obligations under the chattel mortgage (CL 1948, § 566.401 et seq.).

3. SAME—FORECLOSURE—PUBLIC SALE.

A public sale of the mortgaged property is a prerequisite to the recovery of a deficiency in the foreclosure of a chattel mortgage under the statute establishing procedure for such purpose and limiting right to deficiency judgment (CL 1948, §§ 566.404, 566.405, 566.407, 566.408).

4. GUARANTY—VETERANS' ADMINISTRATION—WAIVER.

Evidence adduced in mortgagee's nonjury action on guaranty of the veterans' administration presented an issue of fact as to whether or not there was a waiver of the veterans' administration regulation as to release of liability of a veteran under a note and chattel mortgage and supported trial court's conclusion there was no waiver (Veterans' Administration Regulation, § 36.4324[g]).

5. APPEAL AND ERROR—QUESTION FOR TRIER OF FACTS—EVIDENCE.

The Supreme Court does not reverse the decision of a trial court on an issue of fact in a nonjury case, unless the evidence clearly preponderates in the opposite direction.

6. CHATTEL MORTGAGES—DEFICIENCY—SECURED NOTE AND MORTGAGE TREATED AS SINGLE TRANSACTION.

The statute providing procedure for foreclosure of chattel mortgages and limiting deficiency judgments thereunder was designed to give protection against inequitable deficiency judgments and intended that a note and the chattel mortgage securing it be viewed as one transaction, hence liability incurred by the note and the mortgage are extinguished at one and the same time (CL 1948, § 566.401 et seq.).

Appeal from Kalamazoo; Fox (Raymond W.), J. Submitted April 6, 1950. (Docket No. 24, Calendar No. 44,695.) Decided June 27, 1950.

Assumpsit by the American National Bank of Kalamazoo against Carl R. Gray, Jr., Administrator of Veterans' Affairs, on guaranty. Judgment for defendant. Plaintiff appeals. Affirmed.

*Schaberg & Schaberg,* for plaintiff.

*Walter H. E. Scott* and *Wallace Visscher,* for defendant.

SHARPE, J.  This is an action by the American National Bank of Kalamazoo on a guaranty by the Administrator of Veterans' Affairs.

On March 21, 1947, plaintiff bank loaned D. A. Dolph, a World War II veteran, $4,000 and took a note and chattel mortgage on a tractor as security. The note was payable in monthly instalments.  On April 1, 1947, the indebtedness was guaranteed to the extent of 50 per cent. of the indebtedness outstanding from time to time by the administrator of veterans' affairs under the servicemen's readjustment act of 1944, as amended.  D. A. Dolph defaulted in his payments and plaintiff secured possession of the security by replevin and sold the tractor at private sale on or about August 19, 1948, for the sum of $1,500.  At the time of the sale there was a balance owing on the tractor of approximately $3,094.  Plaintiff brought an action against defendant on the guaranty for 50 per cent. of the balance due on the note secured by the chattel mortgage.  The cause was tried without a jury and the trial court rendered a judgment in favor of defendant.  Plaintiff appeals.

The principal issue in this case is the construction of PA 1939, No 290, § 5 (CL 1948, § 566.405 [Stat Ann 1949 Cum Supp § 26.977(5)]), which reads as follows:

"If the mortgagor has not paid at least 50 per centum of the original debt secured by such mortgage at the time of the taking of possession of such

goods, the mortgagee shall not be under a duty to resell the goods in the manner provided in section 4 of this act unless the mortgagor serves upon the mortgagee within 10 days after the taking of possession of such goods a written notice demanding sale in that manner, which notice may be delivered either personally or by registered mail. If such notice is served, the sale shall take place within 30 days after the service of such notice in the manner, at the place and upon the notice prescribed in section 4. The mortgagee may voluntarily resell the goods for the account of the mortgagor on compliance with the same requirements."

The trial court rendered an opinion in which he said:

"This mortgagee sold the security, but sold the same at private sale. In the opinion of this court, inasmuch as less than 50 per cent. had been paid on the debt, the mortgagee might voluntarily resell the goods for the account of the mortgagor, but only upon compliance with the requirements of section 4. In other words, if the mortgagee resells the goods for the account of the mortgagor he must comply with the provisions of section 4 with reference to a public sale. In other words, he must sell at public sale, first, if more than 50 per cent. has been paid on the debt; second, if less than 50 per cent. has been paid and notice is served as provided in section 5. He may resell for the account of the mortgagor, but if he does so it must be a public sale; otherwise the mortgagor is discharged from all obligation under such mortgage. In this case there was no sale in conformance with paragraph 4 and, therefore, the mortgagor was discharged from all obligation under the mortgage."

In *Spitzer* v. *Brown*, 305 Mich 455 (146 ALR 1096), we had occasion to construe the constitutionality of the act, but the issue involved in the case at bar presents a question of first impression. The

purpose of the act is stated in its title "to provide the procedure for the foreclosure of chattel mortgages and to limit the right to deficiency judgments thereunder." Under section 4 of the act* there must be a public sale where the mortgagor has paid more than 50 per cent. of the original debt, while under section 5 of the act a public sale is mandatory only upon the written demand of the mortgagor.

Section 7† of the act provides for the recovery of a deficiency judgment when the proceeds of the "sale" are not sufficient to pay the balance due on the indebtedness and other costs. In the case at bar, the mortgagor had not paid 50 per cent. of the original debt and plaintiff sold the tractor at a private sale, no demand having been made for a public sale. Section 8‡ of the act provides that if there is no "sale," the mortgagee may retain the goods as his own property and the mortgagor is discharged from all obligations under the mortgage.

The purposes of the act in question were to provide for a public sale of the mortgaged property in order that the mortgagee under certain conditions could obtain a deficiency judgment or for the retention of the property without a sale, in which case the mortgagor is discharged from all obligations under the chattel mortgage. It is noticeable that the act does not speak in terms of a private sale. It seems clear that if there is to be a recovery of deficiency there must be a public sale of the mortgaged property.

It is next urged that the personal liability of the mortgagor was released with the approval of the administrator not contrary to veterans' administration regulation, section 36.4324(g). The trial court found as a fact that there was no prior approval of a pri-

* CL 1948, § 566.404 (Stat Ann § 26.977 [4]).—REPORTER.
† CL 1948, § 566.407 (Stat Ann § 26.977 [7]).—REPORTER.
‡ CL 1948, § 566.408 (Stat Ann § 26.977 [8]).—REPORTER.

vate sale by any official of the veterans' administration. It appears that there was some discussion and correspondence between the bank and the veterans' administration concerning the releasing of liability of the mortgagor. The issue of whether or not there was a waiver of the requirements of its regulation presents a question of fact upon which the trial court made a finding. In *Leonard* v. *Hey*, 269 Mich 491 (37 NCCA 111), a factual question was presented to the trial court. In affirming his finding of facts we said: "We do not substitute our judgment on questions of fact unless they clearly preponderate in the opposite direction." In the case at bar there is competent evidence from which the trial court could make the finding of fact that he did.

Plaintiff also urges that it has a right to sue on the note for a deficiency even though the mortgagor is discharged from all obligation under the mortgage. In the case at bar there is no evidence that the mortgagor was indebted to plaintiff bank in any amount other than the $4,000 promissory note secured by the chattel mortgage. Plaintiff urges that the statute only discharges the obligation contained in the covenant of the mortgage and not that of the promissory note.

The statute in question is a remedial statute designed to give protection against inequitable deficiency judgments. It is obvious that it was the intention of the legislature that the note and mortgage be viewed as one transaction and that liability incurred by the note and mortgage be extinguished at one and the same time. Section 1 of the act* provides: "The term 'mortgagor' shall be deemed to refer to the person making such mortgage and shall also include any other person who is personally liable for the debt secured thereby." The term "debt

---

* CL 1948, § 566.401 (Stat Ann § 26.977 [1]).—Reporter.

secured "thereby" includes both the note and mortgage.

The judgment is affirmed, with costs to defendant.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.