**L. G. DAVIS, Appellant,**

v.

**YELLOW MANUFACTURING ACCEPT-
ANCE CORPORATION, Appellee.**

No. 12873.

United States Court of Appeals
Sixth Circuit.

March 20, 1957.

Frank M. Wiseman (of Marx, Levi, Thill & Wiseman), Detroit, Mich., Robert S. Marx, Lawrence I. Levi, Detroit, Mich., on brief, for appellant.

Nicholas Rosiello, Detroit, Mich., Henry M. Hogan, Detroit, Mich., on brief, for appellee.

Before STEPHENS,* MILLER, and STEWART, Circuit Judges.

STEWART, Circuit Judge.

In 1949 Cadillac Rentals, Inc., entered into a conditional sale contract at Detroit, Michigan, for the purchase of five trucks from appellee's assignor, General Motors Corporation. The total contract price of approximately $21,000 was payable in installments over a three year period. In the event of the buyer's default, the contract provided that the seller could either sue for the unpaid balance or repossess the trucks and retain prior payments as liquidated damages. No provision was made for the collection of any deficiency following repossession.

Simultaneously with the execution of this contract the appellant and another individual, who together owned two-thirds of the capital stock of the purchasing corporation, entered into a written agreement with the seller, guaranteeing performance by the buyer of the conditional sale contract. The latter agreement also contained the following provision:

"Guarantors further agree that, in the event Company or its successors or assigns, shall repossess the said motor trucks or any of them for default under the conditional sale contract, Guarantors will repurchase such repossessed motor trucks from Company, or its successors or assigns, upon delivery thereof to Guarantors, or to any one of them, and pay Company, or its successors or assigns, the balance of the purchase price then remaining unpaid under said conditional sale contract plus interest and any and all costs, including attorney's fees, which Company, or its successors or assigns, shall have incurred in connection with such repossession. Such sums may be recovered from any one or more of Guarantors, at the election of Company or its assigns."

The purchasing corporation defaulted after having paid about $7,000 under the conditional sale contract, and appellee repossessed the trucks in 1950. A period of negotiation ensued during which appellant repeatedly indicated his intention of complying with the repurchase agreement. In 1951 appellant signed a memorandum authorizing the appellee to sell the trucks for the best price available, "proceeds of the sale to be applied against the total indebtedness." Pursuant to this arrangement, one of the trucks was sold for $1,800. Appellee subsequently secured bids on the remaining trucks, giving the appellant written notice of the bids received and an opportunity to make a higher bid. Appellant rejected these bids, withdrew his prior authorization to sell the trucks, and refused to repurchase them himself. The remaining trucks were thereafter sold by the appellee at private sale, and the amount received was credited to the appellant.

In a summary judgment for the appellee, the district judge concluded that upon the above facts the appellant was liable in damages for breach of his agreement to repurchase the trucks. The parties later stipulated the amount of damages, and final judgment was entered accordingly.

The appellant contends that his agreement was a collateral undertaking under

which he did no more than guarantee the purchasing corporation's performance of the conditional sale contract. Since the repossession discharged the corporation's contractual obligation, he argues it likewise discharged him as guarantor in accordance with the law of principal and surety. He further urges that to construe his agreement so as to allow the seller to recover a deficiency after a repossession and private sale would violate the public policy expressed in the Michigan Motor Vehicle Retail Installment Sales Contract Act, Mich.Stat.Ann., Sections 19.415(1) to 19.415(14), Comp. Laws 1948, §§ 566.301 to 566.314, which requires that repossessed vehicles must be sold at public auction before a deficiency may be asserted against the buyer.

The quoted provision of the appellant's agreement clearly was more than a mere guarantee of the purchasing corporation's performance of the conditional sale contract. That contract by its terms and as a matter of law, relieved the purchasing corporation of all further liability if the trucks were repossessed following its default. The quoted provision of the appellee's agreement, on the other hand, in equally clear terms imposed an obligation upon the appellant to repurchase the trucks in the event of default by the buyer and repossession by the seller. An obligation which does not arise until after a third party is released from further liability can hardly be interpreted as being discharged by the third party's release. It is thus clear that appellant's promise to repurchase the trucks upon default and repossession was an obligation independent of and additional to his guarantee of the buyer's performance of the conditional sale contract.

It is also clear that the appellant's promise to repurchase the trucks was supported by adequate consideration. The trucks were sold in consideration of promises stemming from two sources. One was the obligation assumed by the corporate purchaser under the conditional sale contract. The other was the appellant's guarantee of the corporation's performance and his additional promise that in the event of a repossession he would purchase the trucks for the unpaid balance owing on them. Appellant himself did not receive anything in return for his promise, but the detriment incurred by the seller and the resulting benefit derived by Cadillac Rentals was consideration in support of his agreement. A promise is enforceable even though the consideration for it flows to one other than the promissor. WKBW, Inc. v. Children's Bible Hour, 1952, 332 Mich. 569, 576–577, 52 N.W.2d 219, 223; Knox v. First Security Bank, 10 Cir., 1952, 196 F.2d 112, 118; Corbin on Contracts, § 121; Restatement, Contracts, § 75.

There remains for discussion appellant's claim that the repurchase agreement is invalid because it violates the public policy of the Michigan Motor Vehicle Retail Installment Sales Contract Act, Mich.Stat.Ann. §§ 19.415(1) to 19.-415(14). Sections 5, 6, and 8 of the Act permit the collection of a deficiency following a repossession from a conditional vendee under certain conditions, providing the vendor resells the property at public auction upon proper notice to the vendee. Before appellee resold the trucks it gave notice to appellant of the bids received and an opportunity to supply higher bids. However, since the trucks were disposed of at private rather than public sales, appellant claims that the policy of the Michigan statute was violated. In advancing this position appellant relies heavily upon American National Bank of Kalamazoo v. Administrator of Veterans' Affairs, 1950, 328 Mich. 201, 43 N.W.2d 328. That case held that a repossession under a chattel mortgage not followed by a public sale completely discharged the guarantor of the debt secured by the mortgage. Assuming that this ruling would apply equally to conditional sale contracts, it is still not applicable to the case at bar. Here, in addition to a guaranty of Cadillac Rental's obligation under the conditional sale contract, there was an independent agreement to purchase the repossessed trucks.

■ Appellant would have us believe, however, that the repurchase agreement was a subterfuge aimed at depriving the purchaser of the protection of the Michigan Act. But the policy behind the provisions of that Act is not applicable to the agreement in issue. To obtain a deficiency judgment under a conditional sale contract or a mortgage, all that the seller must prove is the difference between the balance due and the proceeds of the resale, as adjusted in conformity with Mich.Stat.Ann. §§ 19.415(7), 19.415(8). See 3 Jones on Mortgages 719 (8th Ed., 1928). Providing the resale is conducted according to the procedures prescribed in the statute the seller is automatically entitled to collect this difference regardless of the actual value of the repossessed property.[1] It is for this reason that conditional sales statutes in allowing for a deficiency judgment require that sales of repossessed property be conducted in a manner providing the conditional vendee with safeguards similar to those attending a mortgage foreclosure sale. 2A Unif.Laws Ann. 161.

■ This was not an action for a deficiency judgment against the purchaser, however, but one for damages for breach of the appellant's separate contract to repurchase the trucks. Accordingly, recovery was limited to the difference between the balance owing on the trucks and their fair market value at the time of the breach. Mich.Stat.Ann. § 19.291, Comp.Laws 1948, § 440.51; Taylor v. Goldsmith, 1924, 228 Mich. 259, 272, 200 N.W. 254, 258.

■ Whether there would be a violation of the Michigan Statute if the conditional vendee and the party making the repurchase agreement were substantially identical is a question we do not reach. Here the purchaser under the conditional sale contract was Cadillac Rentals, Inc.; and those who made the repurchase agreement were two of its three stockholders. Cadillac Rentals was not a paper corporation, but was formed for the purpose of carrying on a legitimate business operation. There was no identity between it and its stockholders. Moline Properties, Inc. v. Commissioner, 1943, 319 U.S. 436, 63 S.Ct. 1132, 87 L.Ed. 1499. Compare Chicago, M. & St. P. Ry. v. Minneapolis Civic and Commerce Association, 1918, 247 U.S. 490, 500, 501, 38 S.Ct. 553, 62 L.Ed. 1229. The repurchase agreement did not violate the policy of the Michigan statute.

The judgment of the district court is affirmed.

1. Except when the seller himself is the purchaser at public sale. Mich.Stat.Ann. § 19.415(5).