## SHABERMAN *v.* PATRICK.

### APPEAL OF DENNIS.

1. Chattel Mortgages—Statutes—Receivers—Sales—Extinction
   of Debt.
   The debt secured by chattel mortgage on restaurant fixtures and
   . stock was not extinguished pursuant to statute relative to
   procedure for foreclosure of a chattel mortgage and limiting
   right to deficiency judgment, where possession of the chattels
   was taken from the mortgagor by a receiver and sale by the
   receiver was made under the direction of the circuit court, such
   statute being inapplicable as there was no retention of the
   goods by the mortgagees as their own property (CL 1948,
   § 566.408).

---

Reference for Points in Headnotes
[1] 45 Am Jur, Receivers § 157.
[2] 45 Am Jur, Receivers § 385 *et seq.*
[5] 3 Am Jur, Appeal and Error § 912.

2. RECEIVERS—CHATTEL MORTGAGES—JURISDICTION.

Jurisdiction of the chancery court, having been taken for the purpose of appointment of a receiver and operation of tavern business pending a sale, on bill filed by chattel mortgagees, was properly retained for the purpose of disposition of the proceeds of the sale and the liabilities created as a result of the operation after appointment of receiver.

3. SAME—PAYMENTS—CHATTEL MORTGAGES.

Out-of-court payment to receiver of sum plaintiffs, chattel mortgagees, had agreed to pay for transfer of class "C" liquor license in addition to sum loaned and secured by note and chattel mortgage if mortgagors became in default *held,* valid under the contract and bill of complaint mortgagees had filed and in which they sought appointment of receiver for preservation of assets.

4. CHATTEL MORTGAGES—RECEIVERS—DISTRIBUTION OF ASSETS.

Award of remainder in hands of receiver, after payment of receivership fees, receiver's attorney fees, and taxes, to payment of balance owed plaintiffs on chattel mortgage instead of to parties claiming a part interest in the restaurant and liquor business through purchase over a year after chattel mortgage had been filed in the office of the register of deeds *held,* proper.

5. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW—CREDIBILITY OF WITNESSES.

The Supreme Court hears chancery cases on appeal *de novo* on the record presented, but will not reverse the circuit court where it cannot say that it would have arrived at a different conclusion in the event it had been in the position of the circuit judge hearing the witnesses testify and observing their demeanor on the stand.

6. EQUITY—UNCLEAN HANDS.

Defendant who seeks recovery of funds from receiver rather than have receiver pay it to plaintiffs because of latter's alleged unclean hands, will not be heard in such respect, where such defendant has illegally participated in the operation of the tavern business, as found by the liquor control commission following its hearing.

Appeal from Wayne; Fitzgerald (Neal E.), J. Submitted January 15, 1959. (Docket No. 24, Calendar No. 47,746.)   Decided April 13, 1959.

Bill by Harry L. Shaberman and Nadine Shaberman against George Patrick, Matilda Patrick, Beulah H. Dennis and others to enforce agreement to transfer liquor license and for appointment of receiver, with amended bill, following receiver's sale, praying for damages. Decree granting plaintiffs balance of funds in receivership after payment of expense and certain claims. Defendant Dennis appeals. Affirmed.

*Weiswasser, Jaffe & Grant,* for plaintiffs.

*Stewart & Phillips* (*Thomas H. Stewart,* of counsel), for defendant Dennis.

KAVANAGH, J. George Patrick and Matilda Patrick, his wife, owned and operated a restaurant known as the Hungarian Village. They found it necessary to raise money to carry on the business. Plaintiffs Harry L. Shaberman and Nadine Shaberman, his wife, loaned them $8,800. To secure repayment, the defendants Patrick executed a promissory note and a chattel mortgage on July 9, 1952, which mortgage was filed in the office of the register of deeds in Wayne county on July 11, 1952. Besides the usual provisions, the mortgage also provided that in the event of default, and upon the payment of the further sum of $5,000, the mortgagors would assign to the mortgagees or their assigns the class "C" liquor license owned by them and used in connection with the operation of their business, the Hungarian Village restaurant. Subsequently, in either September or October of 1953, Beulah H. Dennis, appellant herein, paid the Patricks the sum of $4,500 for an interest in their business. The defendants Harmon and Bennett also advanced money to the defendants Patrick on approximately the 29th day of June, 1953, and entered into an agreement

whereby they were to buy a partial interest in the business. In their agreement they made reference to and acknowledged the existence of the debt owing to the plaintiffs.

The defendants Patrick defaulted on their mortgage payment in September of 1953, which default continued until April 5, 1954, when plaintiffs brought this action.

Plaintiffs' bill of complaint alleges existence of the chattel mortgage and the existence of some claimed interests in the property on the part of defendants Beulah H. Dennis, Walter Harmon, and Robert Bennett, but alleges said interests arose subsequent to the execution and filing of said chattel mortgage. The bill further alleged the Patricks' were in default on the mortgage payments; that they were informed and believed the Patricks had failed and neglected to pay the general operating expenses of the business, and as a result a judgment had been rendered by the circuit court commissioner for Wayne county in favor of the landlord for possession of the premises; that the sum of $1,880 in rent was past due; and if the fixtures and stock were removed by the landlord it would greatly depreciate the value of the assets. The plaintiffs further averred that utilities, taxes, and other general accounts were unpaid, and that it would take approximately 2 months to obtain approval of the liquor control commission and the Detroit police department for the transfer of the class "C" liquor license pursuant to the terms of the chattel mortgage. The bill of complaint prayed that a receiver be immediately appointed to take possession of the goods, fixtures, and chattels so that the receiver might continue the business and preserve the assets. The plaintiffs advised that they stood ready, willing, and able to pay to the defendants, or to such other persons as the court may direct, the sum of $5,000 re-

quired to be paid in and by the terms of said chattel mortgage. They further prayed that the $5,000 should be impressed with the payment of such bills and liabilities the Patricks had incurred in the operation of the business.

Defendant Beulah H. Dennis filed an answer to the bill of complaint. She claimed that she had paid approximately $5,000 under the purchase agreement to the defendants Patrick. She prayed that a decree be entered commanding the payment of the $5,000 to her.

A receiver was appointed. Plaintiffs paid the $5,000 to the receiver who took possession and operated the business—the $5,000 being used by the receiver in the business. Negotiations were carried on by the receiver for a sale of the business, but the transfer of the license was held up pending hearing by the Michigan liquor control commission with reference to the alleged illegal operation of the business by the defendants. Certain expenses were incurred on the part of the receiver in protecting the interests of the said receiver in the license and in the business. Finally a sale was made of the license, stock, and fixtures for the sum of $10,000. The receiver was required to hold $5,000 of the sale price pending final disposition of a trial of this cause.

Plaintiffs filed an amended bill of complaint, which, in substance, asked that the moneys held in the hands of the receiver should be awarded to plaintiffs. They further alleged that the expenses of the receiver, which were created by reason of the actions of defendants Patrick, Dennis, Harmon, and Bennett, should be charged to defendants.

On a trial of the cause the circuit judge rendered an opinion, followed by a decree, which held, in part, as follows:

"It is quite apparent that in point of time the plaintiffs' rights take precedence over those of the defendants. The chattel mortgage was properly made and recorded; and by construction at least, the defendants therefore had notice of its existence before they began their transactions with the Patricks. Therefore, their rights are subordinate to those of the plaintiffs, the original mortgagees. It would seem to be quite apparent that the $5,000, which is now in the possession of the receiver, is the $5,000 that the plaintiffs paid in for the purchase of a liquor license that they never received, and in equity they should be reimbursed, as far as this is possible under the existing circumstances."

Claims in the sum of $2,565.86, including receivership fees, attorney fees for the receiver, director of internal revenue, employment securities commission, and other taxes were directed to be paid out of the $5,000 on hand. The remainder was to be turned over to plaintiffs and to be applied on the balance owed on their mortgage.

Defendant Beulah H. Dennis appeals. It is the contention of appellant that (1) no question of priority was raised; (2) the plaintiffs could not pay the purchase price to the receiver and have the same used for their sole benefit; (3) plaintiffs were guilty of unclean hands; and (4) appellant was entitled to the $4,500 purchase price.

It is the position of the appellant Dennis that the sale of the mortgaged property was a private sale, and that, less than 50% of the mortgage being paid, the debt secured by the chattel was extinguished in accordance with the provisions of CL 1948, § 566.408 (Stat Ann 1953 Rev § 26.977[8]) and *American National Bank of Kalamazoo* v. *Administrator of Veterans' Affairs,* 328 Mich 201. This statute and the case mentioned do not apply to the facts in the instant case. The sale was made under the direction

of the circuit court by the receiver. Possession of the chattels was taken from the mortgagor by the receiver. There was no retention of the goods as their own property by the mortgagees.

The chancery court, having taken jurisdiction for the purpose of appointment of a receiver and operation of the business pending a sale, properly retained jurisdiction for the purpose of disposition of the proceeds of the sale and the liabilities created as a result of the operation after appointment of a receiver.

The appellant Dennis, in her reply brief, makes the following statement:

"The decisive issue in this case is still: Whether the out-of-court payment to receiver under the surrounding circumstances constitutes payment in accordance with appellees' contract and their bill of complaint. If this Court finds that the payment and use of the purchase money as revealed by the record were valid under the contract and bill of complaint, we think the Court should affirm the decree below."

We so find. We do not believe if we were in the position of the trial judge we would have disposed of the matter any differently than was done. We cannot say, on examination of the entire record, that, had we been in the position of the trial judge, we would have found otherwise than he did with respect to the conflicting claims of the parties. The trial judge heard the witnesses, observed their demeanor, and was in the best position to determine their credibility and to conclude what the facts in the case really were. Although this Court on appeal hears chancery cases *de novo*, on the record in this case this Court cannot say that we would have arrived at a different conclusion in the event we had been in the position of the circuit judge of hearing

the witnesses testify and observing their demeanor on the stand. *Straith* v. *Straith,* 355 Mich 267.

Appellant's contentions, with reference to plaintiffs' unclean hands, and that she was entitled to a refund of her $4,500 purchase price, need little comment, particularly because of her illegal participation in the operation of the business, as found by the Michigan liquor control commission following its hearing.

The decree of the lower court is affirmed. Costs in favor of appellees.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.