**UNITED STATES of America,
Plaintiff and Appellee,**

v.

**Kathryn LEWIS and Garland Lewis,
Defendants and Appellants.**

**No. 15626.**

United States Court of Appeals
Sixth Circuit.
Nov. 16, 1964.

James E. Frazer, Detroit, Mich., for appellants, Frazer & Popkin, Detroit, Mich., on the brief.

Barton W. Morris, Asst. U. S. Atty., Detroit Mich., for appellee, Lawrence Gubow, U. S. Atty., Detroit, Mich., on the brief.

Before WEICK, Chief Judge, O'SULLIVAN, Circuit Judge, and PRETTYMAN, Senior Circuit Judge.*

PER CURIAM.

In supplementary proceedings in aid of execution to collect a judgment rendered in the District Court in favor of the Government against W. J. Lutes Import & Export, Inc. on which there was a balance due of about $42,000, a Receiver was appointed who was directed to take necessary steps to acquire possession of and title to the assets of the judgment debtor. In the original action in which the judgment was obtained, the Receiver filed a complaint against Kathryn Lewis and Garland Lewis alleging that Kathryn Lewis, an officer and principal employee of the corporation, had induced the corporation to execute and deliver to her and her husband, Garland Lewis, an invalid chattel mortgage on its property without consideration and for the purpose of defeating the rights of its creditors; that she and her husband caused said mortgage to be foreclosed in the state court and at foreclosure sale she purchased property worth $9,440.02 for $500.00. The Receiver prayed that the mortgage be declared void, or in the alternative, as authorized by Michigan

* Sitting by designation from the U.S. Court of Appeals, District of Columbia Circuit.

Statute Annotated Ch. 261 § 26.977(4), Comp.Laws 1948, § 566.404, the fair cash value of the mortgaged property be adjudged as $9,440.02; that the interest of the mortgagees be determined to be fully satisfied and that judgment be entered against the Lewises for $2,742.70, the difference between the amount of their claim and the fair cash value of the property.

The District Judge tried the case on its merits and adopted findings of fact and conclusions of law. He granted the alternative relief prayed for which resulted in the satisfaction of the deficiency judgment and a judgment against the Lewises for $2,742.70.

In this appeal, defendants contend:

(1) The Receiver had no right to collaterally attack the judgment of the state court.

(2) The Receiver was not authorized to file the suit.

(3) The rights of third parties could not be determined in supplementary proceedings.

(4) The District Court lacked jurisdiction.

(5) The Receiver did not prove his claim by a preponderance of the evidence.

(6) The Michigan statutes were available only to the mortgagor and not to its creditors.

■■ The Receiver was not a party to the foreclosure proceeding in the state court. That court did not undertake to decide the issues involved here, namely, the application of Mich.Stat.Ann. Ch. 261 § 26.977(4). The District Court did not invalidate the mortgage or collaterally attack the judgment of the state court. It merely followed the procedures authorized by the Michigan statute which resulted in the satisfaction of the judgment. The statute did not require the procedures to be invoked in the foreclosure action although they might have been taken there.

■ The Michigan statute "is a remedial statute designed to give protection against inequitable deficiency judgments." American National Bank of Kalamazoo v. Administrator of Veterans' Affairs, 328 Mich. 201, 206, 43 N.W.2d 328, 331 (1950). While the mortgagor might take advantage of the provisions of the statute, it is clear that his interest, being equitable in nature, can be reached by a creditors bill. 21 C.J.S. Creditors' Suits § 19 p. 1068 (1940).

■■ The District Court had original jurisdiction of the action by the Government. 28 U.S.C. § 1345; 40 U.S.C. § 489.

Statutory authority existed for the appointment of the Receiver. 28 U.S.C. § 754. It was not necessary in the Government's action or in the supplementary proceedings that diversity of citizenship or the statutory amount exist. White v. Ewing, 159 U.S. 36, 15 S.Ct. 1018, 40 L.Ed. 67 (1894).

■ The claim that the Receiver had no authority to file the complaint is without merit. The Receiver's complaint was filed and enforced in the court that appointed him.

The Lewises were served with summons on the Receiver's complaint and the trial was plenary and not summary in nature.

The District Judge discredited the testimony of Mrs. Lewis. While the evidence introduced by the parties on the subject of the chattel property could be hardly termed noteworthy for its clarity, we cannot say that the findings of fact of the District Judge are clearly erroneous.

Affirmed.