**G. A. C. COMMERCIAL CORP., Plaintiff-Appellant,**

v.

**AURORA TRUCKING COMPANY, Inc., et al., Defendants-Appellees.**

**No. 18130.**

United States Court of Appeals Sixth Circuit.

Dec. 9, 1968.

McCree, Circuit Judge, dissented.

Lee D. Powar, Cleveland, Ohio, for appellant, Samuel G. Wellman, Hahn, Loeser, Freedheim, Dean & Wellman, Cleveland, Ohio, on the brief.

Edward M. Esber, Harry A. Hanna, Cleveland, Ohio, for appellees.

Before EDWARDS, McCREE and COMBS, Circuit Judges.

COMBS, Circuit Judge.

Plaintiff-appellant, G. A. C. Commercial Corp., recovered a judgment of $102,758.37 in the District Court on a promissory note against Aurora Trucking Company and several individual defendants. In execution of this judgment, the United States Marshal levied on five of Aurora's trucks. Four of the five trucks were offered for sale at public auction on January 30, 1967. No mention was made of the fifth truck. The high bid at the auction was made by an entity known as Amati Trucking Company, one of the appellees here, represented at the sale by one of the individual defendants and his father.

Pursuant to the terms of the sale, $4,820.00 was deposited with the Marshal, this amount representing ten percent of the high bid of $48,200.00. The balance of the purchase price was to be paid within forty-eight hours. The balance was not paid and, on February 13, 1967, the District Court set aside the public sale and directed the Marshal to offer the trucks at private sale. The court reserved judgment on a motion that Amati's deposit be forfeited.

On February 16, 1967, the four trucks, as well as the fifth truck previously seized, were sold for a total price of $51,280.00. The District Court later denied the motion for forfeiture. Appellant contends on this appeal that the motion to forfeit the deposit should have been granted.

Our determination of the appeal is not made easier by the failure of Amati Trucking Company and other appellees to file a brief in this Court. In these somewhat unusual circumstances, we requested supplemental briefs by appellant and have made a careful review of the entire record. This review has convinced us that the District Court's judgment should be affirmed.

The complicating factor in the case is the fifth truck. In its original brief and in argument in this Court, appellant mentioned only the four trucks offered at the first sale. From appellant's supple-

mental brief and the original record, these facts appear: The fifth truck was seized by the Marshal prior to the first sale but at a different time and in a different location than the other four trucks. Apparently, it had been "stripped." It was minus a seat, wheels, tires, and mirrors. Even though this truck was then in the Marshal's constructive possession, there was no explanation why it was not offered for bids at the first sale. The reason proffered by appellant in supplemental brief is that it would have required a large expenditure to repair the truck and move it to the sale location.

All five trucks were sold at the private sale to the representative of a joint venture but payment was made separately for the four trucks and the fifth truck. The four trucks were sold for $43,280.00 and the fifth for $8,000.00. The representative of the joint venture had bid $48,100.00 for the four trucks at the first sale. Appellant argues that, since the bid on the four trucks at the second sale was $4,920.00 less than the bid on the same trucks at the first sale, it has been damaged by Amati's default and the deposit therefore should be forfeited.

 There is little authority on remedies against defaulting purchasers at execution sales.[1] It would seem that considerations of general contract law should be applicable. A defaulting purchaser is generally liable for the difference between the amount of his bid and the lesser amount received at a subsequent sale, assuming the price at the subsequent sale is a fair one. Davis v. Yellow Mfg. Acceptance Corp., 242 F.2d 503 (6th Cir. 1957); 5 Corbin, Contracts § 1100 (1964). See also Ohio Revised Code § 1302.80 (1964). The burden of proving damages rests upon the plaintiff. 22 Am.Jur.2d, Damages § 296 (1965). Giving specific application of this rule to this case, appellant has the burden of proving damage by reason of

a second sale which brought more money than was bid at the abortive first sale. If we could forget the fifth truck, the question of damages could easily be resolved. The bid price on the other four trucks at the first sale was $4,920.-00 more than they brought at the second sale. However, the fifth truck in the Marshal's custody at the time of the first sale cannot be ignored.

 We are unwilling to accept as conclusive appellant's statement that the second sale involved two separate procedures: one for the sale of four trucks and one for the sale of the fifth truck. The fact that payment for the fifth truck was made by separate check is not controlling. The crux of the matter is $48,200.00 was bid on four trucks at the first sale and $51,280.00 was received for the same four trucks and an additional vehicle at the second sale. No appraisal was made of the value of the fifth truck at the first sale—it was appraised at $8,000.00 prior to the second sale—and the record is silent as to what it might have brought had it been offered. It is stated in supplemental brief that the fifth truck could not be driven at the time of the first sale. We are left to speculate whether this truck was repaired before the second sale and, if so, the cost of repairs. We can only speculate, too, whether the successful bidder at the second sale would have bid on the fifth truck except that the other four could also be purchased as part of the package. In the absence of more information about the fifth truck, appellant has not sustained the burden of proving it was damaged by reason of Amati's default. It would appear from the record before us that appellant could well have been benefitted by reason of Amati's default and the resulting second sale. Private judicial sales and ex parte proceedings are not encouraged and will be closely scrutinized by the courts. The parties involved have the unilateral bur-

---

1. The few reported cases, most of which deal with judicial sales of real property, would seem to favor the rule here adopt- ed. See Bovay v. Townsend, 78 F.2d 343, 105 A.L.R. 359 (8th Cir. 1935).

den of establishing their position by a clear and convincing record.

Judgment affirmed.

McCREE, Circuit Judge (dissenting).

I respectfully dissent from the conclusion and opinion of the Court. I agree that appellant, who seeks to compel the forfeiture of the deposit, has the burden of proving damages because of appellee's default. I disagree, however, with the Court's determination that appellant has not sustained this burden.

As the opinion recites, the defaulting purchaser's bid for the four trucks was $48,200, $4,920 more than the $43,280 realized for them at the private sale. Nevertheless, instead of determining that appellant was damaged in the amount of $4,920, the opinion takes cognizance of the sale of a fifth truck for $8,000, and by adding this sum to the sale price of the four trucks, demonstrates that the sale brought $51,280. Since this sum exceeds the original bid of $48,200, it then concludes that appellant has not proved he sustained damages as a consequence of the default.

Such a conclusion is tenable only if the fifth truck was worth no more than $3,080. Such an assumption is unsupportable on this record, which requires a finding that the fifth truck was worth $8,000 unless we hold that the District Court utterly discredited the Marshal's recital in his Return on Alias Fieri Facias. In this Return the Marshal reported that, pursuant to the order of the Court, he summoned three disinterested appraisers (whom he named) and that they, upon oath and after actual view, appraised the four trucks at $11,000 each and the fifth truck (which had been stripped) at $8,000. Since the District Court has given no reason for denying the motion to forfeit the deposit, and since no other reason appears for discrediting the recited appraisal, appellant should be permitted to rely on the presumption of regularity attaching to the Marshal's Return and should be found to have sustained his burden of proving damages.

If one wishes to indulge in speculation about undisclosed events, it is just as reasonable to surmise that both Amati and the LaPine Truck joint venture (which made the second highest bid) overvalued the four trucks at the public auction sale. When Amati became aware of its error, it decided not to conclude the purchase. When the joint venture found out, it made a downward revision of its auction bid at the subsequent private sale and offered approximately the amount established as the fair value by the disinterested appraisers.

I agree that District Courts have wide discretion in their conduct of judicial sales, but this discretion may be abused. The District Court did not find that the private sale was collusive or fraudulent, and no other reason appears to explain the refusal to order forfeiture of the deposit. Its unexplained refusal is without support in the record and constitutes an abuse of discretion.