SCHUPP *v.* DAVEY TREE EXPERT CO.

1. EVIDENCE—ORAL TESTIMONY ADMISSIBLE TO SHOW FRAUD IN PRO-
   CURING WRITING.
   While conversations leading up to a writing are merged
   therein and may not be called up to vary its terms, they
   are admissible in evidence to show that fraud was practiced
   in procuring the writing.[1]

2. CANCELLATION OF INSTRUMENTS—COURTS OF LAW AND EQUITY
   HAVE CONCURRENT JURISDICTION IN CASE OF FRAUD.
   In case of fraud in procuring a signature to a writing,
   courts of equity and law have concurrent jurisdiction, and
   therefore defense against liability may be made at law,
   or the power of the court of equity to cancel the writing
   may be invoked.[2]

3. SAME—CONTRACT PROCURED BY FRAUD CANCELED.
   Although fraud in procuring plaintiff's signature to a con-
   tract succeeded because of his carelessness, it was never-
   theless a fraud, and its cancellation by a court of equity
   is warranted.[3]

Appeal from Saginaw; Browne (Clarence M.), J.
Submitted April 20, 1926. (Docket No. 117.) De-
cided June 7, 1926.

Bill by Otto Schupp against the Davey Tree Expert
Company for the cancellation of a contract on the
ground of fraud, and to enjoin an action at law. From
a decree for plaintiff, defendant appeals. Affirmed.

*Weadock & Weadock,* for plaintiff.

*Stoddard & McMillan,* for defendant.

WIEST, J. Plaintiff has a large soft maple tree
in his dooryard. An employee of defendant, seeking

---

[1]Evidence, 22 C. J. §§ 1459, 1573, 1621; [2]Cancellation of In-
struments, 9 C. J. § 26; Contracts, 13 C. J. § 306; [3]Fraud, 26 C.
J. § 59.

work, came along, noticed the tree needed the benefit of "tree surgery," called plaintiff's attention thereto, represented it was a small matter involving nominal cost, and with plaintiff's consent started work.    When plaintiff found the work was stretching into a considerable job he ordered that it be stopped and finally succeeded in turning the workmen away.    Up to that time no contract had been signed by plaintiff.    Plaintiff claims that, after the workmen so left, the foreman, who had told him the expense would be nominal, came to his home and asked him to sign a contract; that he refused, stating he was not to sign any contract as the price was to be nominal; that the foreman then said:

"I am going to get into trouble unless you sign this. I have got my understanding with the office.    I want you to sign this simply to show that I am through with your job, that I can go on."

That plaintiff then said:

"With that understanding I will sign the paper,"

and signed it.    Presented with a bill for 220 hours of labor at $1.80 per hour and for materials in treating the one tree, amounting in all to $432.34, plaintiff refused to pay.    Thereupon suit at law was brought against him in the Saginaw circuit, and the paper he signed was counted on.    That paper reads:

"MEMORANDUM.

Date 7-24-20.
City of Saginaw.

"THE DAVEY TREE EXPERT CO., INC.,
    of Kent, Ohio.

"*Gentlemen:*    Will you kindly send your experts to treat my trees.    I understand that your charges are one dollar and eighty cents per hour for each man furnished (working time only), plus the cost of material and cartage.    I understand that payment is to be made direct to your main office within ten days after receipt of invoice.    I reserve the right to stop the work at my discretion.

"No straight contracts are permitted under any circumstances and no estimates which may be given by any representative of The Davey Tree Expert Company may be considered more than the personal opinion of the representative and are never binding upon the company.

(Signed) "OTTO SCHUPP.

"Business Address: Saginaw, Michigan.

"Tree located at 606 S. Jefferson Ave.

"Approved by R. E. Angell, representative."

Mr. Schupp appeared in that suit and pleaded special defenses. Believing he could not make full defense at law, he filed the bill herein, alleging the writing sued on was procured by false and fraudulent representations, was a fraud upon him, and asked that it be held void and be canceled, and the suit at law enjoined. He also alleged that defendant, at the time the paper was signed, was a foreign corporation doing business in this State without authority, and the contract was for that reason wholly void. Notwithstanding the fraud, he offered, in behalf of equity, to pay $100. Defendant's motion to dismiss the bill for want of equity was denied. An answer was filed denying the alleged fraud, admitting that, at the time the contract was signed, defendant had not been admitted to do business in this State, averred the law did not require it be admitted and asserted the contract was valid. The issues were tried, the fraud found and decree entered canceling the alleged contract, enjoining prosecution of the suit at law and requiring plaintiff to pay the $100 he offered. Defendant appealed.

If the fraud alleged stands established by the proofs, we need spend little time on legal points. Plaintiff refused to enter into a contract. The work was commenced, carried on, and the workmen quit without any express contract. We are persuaded the false representation was made as claimed by plaintiff. Defendant's foreman wanted the contract to send to the

home office, and made the representation in order to get it.    Plaintiff does not seek to vary the terms of the writing by way of conversation preceding his signing but claims fraud practiced in obtaining his signature.    While conversations leading up to a writing are merged therein and may not be called up to vary the terms of the writing this rule has nothing whatever to do with fraud practiced in procuring the writing.

Defendant avers that plaintiff had an adequate remedy at law by way of establishing fraud, if any, in procuring the so-called contract.    In case of fraud in procuring a signature to a writing, courts of equity and law have concurrent jurisdiction in many instances.    In case of fraud in procuring a signature to a writing, defense against liability may be made at law or the power of the court of equity to cancel the writing may be invoked.    *Austin* v. *Ash,* 232 Mich. 251.

We have given due consideration to the business experience and supposed acumen of plaintiff and his confessed simplicity in sending out the paper over his signature to accomplish a purpose directly opposed to its terms, but feel that his guilelessness on this occasion should not cause us to overlook the guile employed by defendant's representative.    The fraud worked because plaintiff was careless, but this did not render it any less a fraud.

The decree is affirmed, with costs of this court to plaintiff.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.    SNOW, J., did not sit.