MARDON *v.* FERRIS.

1. CONTRACTS—PURPOSE OF PAROL EVIDENCE.
   Parol evidence is admissible to show that a written contract is void or not of binding force but not to prove that the contract was intended to mean something different from what its language imports especially in an action between the original parties to the contract.

2. SAME—ORAL COST-PLUS CONSTRUCTION CONTRACTS—VERDICTS—EVIDENCE.
   Verdict of $10,536.64, upholding claimed oral cost-plus house-construction contract, was not contrary to great weight of the evidence in builder's action for balance due, where it appears defendant had paid $5,000 above amount specified in written contract limiting price to $12,500, and there were

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur, Evidence, §§ 1093–1099.

no specifications nor written agreement as to what finish, trim or fixtures were to go into the house, such items being determined upon from time to time as the building progressed.

Appeal from Saginaw; O'Neill (James E.), J. Submitted June 7, 1950. (Docket No. 20, Calendar No. 44,767.) Decided September 11, 1950.

Action by Alfred F. Mardon and another against Neim Ferris to recover cost of building house. Verdict and judgment for plaintiffs. Defendant appeals. Affirmed.

*Duane S. van Benschoten,* for plaintiff.

*Albert A. Smith (Alfred N. Slaggert,* of counsel), for defendant.

DETHMERS, J.  Plaintiffs signed a written agreement to build a house for defendant's daughter and son-in-law, who signed as the other parties to the agreement, for $12,500.  Plaintiffs claim that the written agreement was a sham, never intended by the parties to be of binding force; that it was preceded by an oral agreement between plaintiffs and defendant under which plaintiffs agreed to build the house and defendant agreed to pay for it on a cost-plus basis; that thereafter defendant persuaded plaintiffs to sign the written agreement with the understanding that it was not to be binding or to mean anything whatsoever or to serve any purpose other than that of enabling defendant to keep his brother from knowing how much the house was going to cost and for whom it was actually being built.  Plaintiffs further claim that they built the house at a cost for labor and materials of $28,036.64 and that defendant has paid them on that account $17,500, leav-

ing a balance due of $10,536.64. Defendant denies that he made such oral agreement and asserts that the agreement for building the house was between plaintiffs and defendant's daughter and son-in-law only and that it was completely embodied and expressed in the written agreement, except that, at the time of its execution, he orally agreed to pay plaintiffs an additional $2,500, thus making the total price for which plaintiffs agreed to build the house $15,000. Defendant says that the additional $2,500 paid over and above the $15,000 price was a gratuity to plaintiffs to induce them to complete the house. From judgment for plaintiffs in the amount of $10,-536.64 defendant appeals.

Defendant's chief contention is that parol evidence concerning the alleged oral agreement, varying the terms of the written agreement, was inadmissible. The function of the parol evidence, however, was not to vary the terms of the written agreement, but, rather, to show that it was entirely void because it never had represented a meeting of the minds between the parties nor been intended by them to be binding.

In *Church* v. *Case,* 110 Mich 621, 624, this Court quoted with approval from *Atwood* v. *Gillett & Desnoyers,* 2 Doug (Mich) 206, 218, the following:

"Where parol evidence is offered to show that the written contract is void or not of binding force, it is admissible; but, if the object be to prove that it was intended to mean something different from what its language imports, it is inadmissible."

In *Woodard* v. *Walker,* 192 Mich 188, 191, this Court said:

"The defendant relies upon the written contract, and insists that it should prevail instead of the alleged oral agreement. The complainant does not seek to vary the terms of the written contract, but

insists that it was never intended that the written agreement should have any force. That in substance it was executed to avoid jealousy on the part of defendant's own children, and thereby to avoid trouble to himself. *Inasmuch as the contest is between the original parties to the written contract, this defense is permissible under the law. Church* v. *Case,* 110 Mich 621, and cases cited." (Italics supplied.)

See, also, *Roosevelt Park Protestant Reformed Church* v. *London,* 293 Mich 547, 553, involving a claim that the written contract therein was but a sham to conceal the true situation created by an oral agreement and in which recognition is given to the rule in the *Woodard* and *Church Cases.*

Because of the italicized sentence in the above quotation from the *Woodard Case,* defendant contends that the rule in that case is not applicable to the instant case, in which the contest is not between the parties to the written agreement. We do not think that the indicated factual difference between the 2 cases warrants the nonapplication of the rule in that case here. The italicized sentence indicates no more than a recognition that were the vendor's interest in a written land contract to be assigned to an innocent purchaser for value it would be inequitable and an injustice to the latter, in a suit in equity by the vendee for specific performance of an oral agreement, to hold the written contract void because of the existence of the oral agreement to that effect between the original parties to the written land contract. No such injustice attaches here to holding defendant bound by his oral agreement.

Payments on the house to plaintiffs were made by defendant. Such payments exceeded by $5,000 the amount specified in the written contract and by $2,500 the amount for which defendant says plaintiffs agreed to build the house. There were no specifications nor any written agreement as to what

finish, trim, fixtures, et cetera, were to go into the house, these all being determined from time to time by defendant's daughter as the building progressed, but plaintiffs, nonetheless, willingly proceeded to install such items into the house as requested by defendant's daughter to the extent that their ultimate total investment exceeded $28,000. These facts, together with a reading of the entire record, combine to impress us that there is no merit to defendant's contention that the verdict upholding plaintiffs' claim of an agreement by defendant to pay for the house on a cost-plus basis was contrary to the great weight of the evidence.

Judgment affirmed, with costs to plaintiffs.

BOYLES, C. J., and REID, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.