WKBW, INC., *v.* CHILDREN'S BIBLE HOUR.

1. FRAUDS, STATUTE OF—DEBT OF ANOTHER—SUFFICIENCY OF MEMO-
   RANDUM—TELEPHONE CONVERSATIONS.
   A memorandum, in order to be sufficient under the statute of
   frauds relative to a special promise to answer for the debt of
   another, must be complete in itself and leave nothing for parol
   and telephone conversations could not be considered in deter-
   mining sufficiency of the memorandum (CL 1948, § 566.132).

2. SAME—FORBEARANCE—CONSIDERATION—DEBT OF ANOTHER.
   Plaintiff's forbearance to sue its debtor, now bankrupt, constituted
   a sufficient consideration for defendant's written promise of
   "meeting this obligation," so as to meet the requirements of
   the statute of frauds relative to a special promise to answer
   for the debt of another (CL 1948, § 566.132).

3. SAME—DEBT OF ANOTHER—BENEFIT CONFERRED BY OBLIGEE.
   The benefit conferred by an obligee under the statute of frauds
   need not be to the party now sought to be held liable for the
   debt of another (CL 1948, § 566.132).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 49 Am Jur, Statute of Frauds § 322.
[2] 49 Am Jur, Statute of Frauds § 76.
[3] 49 Am Jur, Statute of Frauds §§ 74, 75.

4. Estoppel—Debt of Another—Forbearance—Statute of Frauds
   —Bankruptcy of Debtor.

   Defendant corporation which in fact did not owe plaintiff's debtor,
      although it promised to pay latter's obligation to plaintiff and
      plaintiff forbore to sue for about a year, cannot urge nonin-
      debtedness to the plaintiff's debtor, in defense of action on
      written memorandum, sufficient under the statute of frauds to
      impose liability for debt of another, where plaintiff's debtor
      since became bankrupt and the information as to whether or
      not defendant owed the debtor was easily obtainable (CL 1948,
      § 566.132).

5. Appeal and Error—Nonjury Action—Remand.

   Cause is ordered remanded for entry of judgment for plaintiff in
      nonjury action on contract, where amount involved is not in
      dispute and judgment for defendant is reversed.

Appeal from Superior Court of Grand Rapids;
Taylor (Thaddeus B.), J. Submitted January 11,
1952. (Docket No. 3, Calendar No. 45,248.) Decided
March 6, 1952.

Action by WKBW, Inc., a foreign corporation,
against Children's Bible Hour, a Michigan corpora-
tion, to recover sums due for broadcasting. Judg-
ment for defendant. Plaintiff appeals. Reversed
and remanded for entry of judgment for plaintiff.

*Dilley & Dilley,* for plaintiff.

*Waalkes, Wierenga & Sevensma,* for defendant.

Sharpe, J. This is an action at law to recover the
sum of $637.50 claimed to be due to plaintiff, WKBW,
Inc., from defendant, Children's Bible Hour, a Mich-
igan ecclesiastical corporation. At and prior to Feb-
ruary, 1948, plaintiff corporation operated a radio
station in Buffalo, New York. Dr. Clinton H.
Churchill was its president and later became its
general manager. He was also pastor of the
Church of the Tabernacle and had been engaged in

religious broadcasting for nearly 25 years.   Defendant is a religious society, incorporated under the laws of the State of Michigan with offices in Grand Rapids, Michigan.   Among other activities, it broadcast a weekly program over a number of radio stations.   From its inception, Dr. David Fuller, pastor of Wealthy Baptist Church of Grand Rapids, was chairman of its board of directors.

International Advertisers, Inc., was a Michigan profit corporation engaged in handling radio broadcasting and advertising for its clients.   Its president and chief stockholder was R. C. Kelley.   Its manager, during 1948, was Lewis N. Steenwyk.   During the years of 1947 and 1948 and the first few months of 1949, defendant and International Advertisers, Inc., occupied adjoining offices in a building in downtown Grand Rapids under sublease from Liberty Broadcasting Company.

In February, 1948, plaintiff and International Advertisers, Inc., entered into a contract by the terms of which plaintiff was to supply to defendant facilities for 52 weekly half-hour broadcasts at $77.75 per broadcast to be paid monthly by International Advertisers, Inc.   The contract provided in part as follows:

"(a) Agency agrees to pay station and station agrees to hold agency solely liable for payment, for broadcasting covered by this contract unless otherwise expressly agreed in writing.

"(b) Agency agrees to pay for such broadcasting at the office of the station on or before the twentieth day of the month following that in which broadcasting is done, prompt payment being of the essence of this contract."

The programs were broadcasted by plaintiff until July, 1948, when plaintiff cancelled and stopped the broadcast because International Advertisers, Inc., was not paying in accordance with the contract.   The

account was in default continuously from 30 days after the first broadcast. Plaintiff wrote various letters to International Advertisers, Inc., seeking payment of its account and copies of these letters were mailed to Dr. Fuller.

On July 22, 1948, Dr. Fuller in behalf of defendant corporation wrote plaintiff as follows:

"We are doing everything in our power to have your account taken care of, as soon as possible. The summer slump, as you know, is upon us. When we first realized that we were getting behind, in that area and that WKBW was not paying off, we cancelled our program immediately to curtail additional indebtedness."

Payments were made on the account by International Advertisers, Inc., during October, November and early December so that on December 6, 1948, the balance due had been reduced to $887.50. On December 11, 1948, Dr. Fuller addressed a letter to Mr. Haberer, auditor of plaintiff company, which contained the following:

"As I promised you over the phone Friday, I am writing you now concerning the amount due your station by the Children's Bible Hour, namely $850. * * *

"We sincerely hope that you will not put this in the hands of an attorney because it would be expensive and detrimental to both of us. * * *

"Again may I say, that we have every intention of meeting this obligation as soon as possible."

On March 17, 1949, Dr. Fuller wrote plaintiff corporation that relationships between the Bible Hour and International Advertisers, Inc., had been severed. The letter also contained the following:

"Rest assured if there is any way we can be of service in the event collection of your account from

the agency is not made, we shall stand ready to do so."

On April 8, 1949, plaintiff corporation forwarded to defendant a statement showing its account with International Advertisers, Inc., which showed a balance due of $637.50.   On April 12, 1949, defendant corporation wrote plaintiff corporation a letter, a part of which reads as follows:

"Dr. Fuller has asked that I reply to the letter addressed to him also.   Frankly we just do not see how we can help in any way, much as we would like to do so, and we know you are fully justified in whatever action you find it necessary to take against the International Advertisers.

"We have paid them for all of the time on your station as indicated by our report to you and we have done everything possible to cause them to pay you. Mr. Kelley gave us his word on March 8th that he would pay you in full on March 9th.   However we have found that his word is not to be relied upon. * * *

"Again we assure you that we regret deeply any part we have had in 'messing up' this collection for you, for we are aware now that we should not have interceded when we did."

On April 27, 1949, International Advertisers, Inc., was adjudicated a bankrupt upon its voluntary petition.

The instant cause came on for trial before the judge of the Superior Court of Grand Rapids and was heard before the court without a jury.   At the conclusion, a judgment of no cause of action was entered.   A motion for a new trial was filed, argued and denied.   The trial court filed an opinion, a part of which reads as follows:

"Plaintiffs do not claim a novation but base their action solely upon the claim that the statute has been satisfied.   The only question therefore is assuming

that Dr. Fuller had authority to bind the defendant, and there is nothing in the record to indicate that the corporation had so authorized him, did the letters that he wrote satisfy the statute? Obviously they did not. He never stated at any time that the defendant would pay the plaintiff. Defendant never made any payments to the plaintiff and all payments, including the last payment of February of 1949, were made by International. There is no evidence that the plaintiff executed the contract with International relying upon the credit of the defendant. An agreement which rests partly in writing and partly in parole does not satisfy the statute. See *Baumann* v. *Manistee Salt & Lumber Co.*, 94 Mich 363.

"By the very terms of the contract, the plaintiff agreed to look only to the International for pay 'unless otherwise expressly agreed in writing.' No such writing has been produced."

Plaintiff appeals and urges that subsequent to its contract with International Advertisers, Inc., plaintiff and defendant entered into a bilateral contract, by the terms of which plaintiff promised to extend the time for payment of the balance due it from International Advertisers, Inc., and defendant promised to pay the balance; that the letters from defendant corporation supply the memoranda required to satisfy the statute of frauds and that the consideration for defendant's promise is found in plaintiff's promise to forbear from collection procedure.

The issues involved in this case bring into application the following from CL 1948, § 566.132 (Stat Ann 1949 Cum Supp § 26.922):

"In the following cases specified in this section, every agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized, that is to say: * * *

"2. Every special promise to answer for the debt, default or misdoings of another person;"

During the many years that this statute has been in force we have had occasion to construe it and evolve certain well defined principles. We have held that a memorandum, to be sufficient under the section involved, must be complete in itself and leave nothing to rest in parol, see *Gault* v. *Stormont,* 51 Mich 636; *Baumann* v. *Manistee Salt & Lumber Company,* 94 Mich 363; *Rosenbaum* v. *Tyszka,* 192 Mich 457; *Holland* v. *Holland,* 195 Mich 513; and *Benedek* v. *Mechanical Products, Inc.,* 314 Mich 494. The above authority eliminates from consideration the telephone conversations between Dr. Fuller and Mr. Haberer.

In support of its claim of written memorandum, plaintiff relies upon Exhibit No 6 which reads as follows:

"December 11, 1948

"Mr. S. W. Habrer,
"W.K.B.W.,
"Buffalo, New York
*"Dear Mr. Habrer:*

"As I promised you over the phone Friday, I am writing you now concerning the amount due your station by the Children's Bible Hour, namely $850.

"I have just checked with Mr. Kelley and Mr. Steenwyk and have learned that we have paid, on this amount, in recent weeks, one check for $200 and another one sent last week for $50. We fully intend to meet this obligation but at present we are pressed for finances even as you mentioned that your station was facing at the present time.

"It is my understanding through Mr. Kelley that your former manager, Mr. Arthur Simon, gave us the verbal promise that if we were in difficulty financially he would go along with us until we could make final payment. We sincerely hope that you will not

put this in the hands of an attorney because it would be expensive and detrimental to both of us.

"We want you to know that we are sorry we have delayed in making final payment of this account but it was due to circumstances beyond our control. Again may I say, that we have every intention of meeting this obligation as soon as possible.

"Sincerely yours
"DAVID OTIS FULLER
"DR. DAVID O. FULLER"

It appears that when Dr. Fuller wrote the letter of December 11, 1948, (Exhibit No 6) defendant corporation was not indebted to the International Advertisers, Inc., although he believed that it was. The above letter is an acknowledgment by defendant that the Children's Bible Hour was indebted to plaintiff corporation in the sum of $850. Dr. Fuller's promise of "meeting this obligation" must be construed as a promise to pay the same. In our opinion this letter meets the requirement of the statute of frauds. The trial court found as a fact that if Dr. Fuller did promise to pay the debt of another it was unenforceable as being without consideration. We are not in accord with his views on this issue. It is the rule that forbearance to enforce payment and extension of time in which to pay is a sufficient consideration. See *Union Trust Company* v. *Conus,* 129 Mich 156, and *Gay* v. *Berkey,* 137 Mich 658. The benefit need not be to the contracting party. It may be to someone else.

In *Sanford* v. *Huxford,* 32 Mich 313, we said:

"The rule as to consideration for agreements to abstain from litigation, present or contemplated, does not seem to differ from that relating to any other contract, although upon the facts difficulties often arise. The rule seems to be well determined, that there must be a benefit on one side, or a detri-

ment suffered or service done on the other. We find nothing to indicate that the benefit rendered need be to the party contracting, if it is to anyone else at his procurement or request, any more than in other contracts."

In the case at bar plaintiff withheld any action on its claim for over a year and by so doing the International Advertisers, Inc., and defendant corporation were the recipients of such forbearance. In our opinion this constitutes sufficient consideration.

In the trial of this cause defendant corporation urged the defense that it made certain promises under the mistaken idea that it was actually indebted to International Advertisers, Inc. The record shows that Dr. Fuller believed that defendant corporation was indebted to International Advertisers and conveyed this false information to plaintiff company. Defendant corporation cannot now urge this as a defense, as all Dr. Fuller had to do was consult the records of his corporation and ascertain whether or not it was indebted to International Advertisers, Inc. Defendant corporation cannot be permitted to close its eyes to information easily obtainable. In our opinion the written memorandum was sufficient to satisfy the statute of frauds.

Inasmuch as the amount involved is not in dispute the judgment of the superior court is reversed and the cause remanded for judgment in favor of plaintiff, with costs.

North, C. J., and Dethmers, Butzel, Carr, Bushnell, Boyles, and Reid, JJ., concurred.