NAG ENTERPRISES, INC v ALL STATE INDUSTRIES, INC

Docket No. 77-5209. Submitted April 21, 1978, at Detroit.—Decided August 8, 1978. Leave to appeal applied for.

NAG Enterprises, Inc., filed a complaint in Oakland Circuit Court against All State Industries, Inc., and Meridian Industries, Inc., seeking a money judgment on a promissory note between All State as payor and Meridian as payee. The note had been assigned to NAG by Meridian with an unconditional guarantee of payment. Default judgment was entered against All State. Meridian filed an answer and counterclaim and NAG filed a motion for summary judgment. The defense and counterclaim stated that there was a contemporaneous oral agreement that the assignment and guarantee of the note were to be held only as security for funds advanced by NAG to Meridian's subsidiary, Huron Die Casting Company, which NAG was in the process of acquiring. At the hearing on NAG's motion for summary judgment, Meridian asked to amend its pleadings, but James S. Thorburn, J., entered the order of summary judgment, ruling that Meridian's request came too late because summary judgment had already been granted and the court at that time only had before it a motion for entry of an order. Meridian appealed from the order of summary judgment and NAG filed a motion to affirm. The Court of Appeals, in an order of March 3, 1977, granted NAG's motion to affirm. Meridian then sought leave to appeal to the Michigan Supreme Court. The Supreme Court vacated the order of the Court of Appeals and remanded the matter to the Court of Appeals for plenary consideration. 402 Mich 825 (1977). The basic questions in the case are whether the parol evidence rule would prohibit admission of evidence of the alleged oral agreement to hold the

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment § 26 et seq.

[2] 30 Am Jur 2d, Evidence §§ 1065, 1066.

Comment note on parol evidence rule and admissibility of extrinsic evidence to establish or clarify ambiguity in written contract. 40 ALR3d 1384.

[3, 4] 4 Am Jur 2d, Appeal and Error §§ 98, 99.

61 Am Jur 2d, Pleading §§ 308–313.

assignment and guarantee as security only and whether the court erred in denying Meridian's request to amend its pleadings. *Held:*

1. Parol evidence of a contemporaneous oral agreement is inadmissible where it is completely inconsistent with a clear and unambiguous written instrument.

2. There was no evidence that the trial court abused its discretion in denying Meridian's motion to amend pleadings.

3. The requirement that a trial court make a statement of reasons for denying a motion to amend pleadings is satisfied where the court in granting summary judgment determines that because of estoppel, apparent authority and the parol evidence rule, the desired amendment was not justified by the evidence.

Affirmed.

1. MOTIONS—SUMMARY JUDGMENT—PLEADING—COURT RULES.

Motions for summary judgment based upon the opposing party having failed to state a claim upon which relief can be granted or upon the opposing party having failed to state a valid defense to the claim asserted against him are to be tested by pleadings alone and all well-pleaded material allegations must be taken as true (GCR 1963, 117.2).

2. EVIDENCE—PAROL EVIDENCE—CONTRACTS—WRITTEN INSTRUMENT—INCONSISTENT PAROL EVIDENCE—ADMISSIBILITY.

Parol evidence of a contemporaneous oral agreement should not be admitted where it is completely inconsistent with a clear and unambiguous written instrument.

3. PLEADING—AMENDMENT—JUDGE'S DISCRETION—APPEAL AND ERROR—COURT RULES.

A court rule provides that leave to amend a pleading shall be given when justice so requires; on appeal, the test is whether a trial court abused its discretion in denying a motion to amend (GCR 1963, 118.1).

4. PLEADINGS—AMENDMENT—REASONS FOR DENIAL—MOTIONS—SUMMARY JUDGMENT.

A trial court must state its reasons for denying a motion to amend pleadings, although this can ordinarily be done in the granting of a motion for summary judgment.

*Hardig, Goetz, Heath & Baumhart,* for plaintiff.

*Evans & Luptak* (by *D. Michael Kratchman),* for defendant.

Before: D. F. WALSH, P. J., and D. E. HOLBROOK and R. M. MAHER, JJ.

PER CURIAM. On November 19, 1975, plaintiff NAG Enterprises, Inc. filed a complaint against All State Industries, Inc. and Meridian Industries, Inc., seeking a money judgment on a promissory note dated March 26, 1975, between All State, as payor, and Meridian, as payee. The note had been assigned to NAG by Meridian with an unconditional guarantee of payment.

On February 4, 1976, a default judgment was entered against All State for failure to answer the complaint. After Meridian filed its answer and a counterclaim, NAG filed its motion for summary judgment or, in the alternative, accelerated judgment. The motion for summary judgment was based solely on GCR 1963, 117.2(1) and GCR 1963, 117.2(2). It was opposed by Meridian, but the trial judge orally granted the motion at a hearing held on February 25, 1976.

At the March 15, 1976, hearing on plaintiff's motion for entry of the order of summary judgment, Meridian asked to amend its pleadings. But the court entered the order of summary judgment, ruling that Meridian's request came too late because summary judgment had already been granted and the court at that time only had before it a motion for entry of an order.

Meridian's motion for rehearing was denied. Plaintiff NAG filed a motion to affirm while defendant appealed from the order of summary judgment as of right, seeking reversal and an order remanding the case for further proceedings and

granting defendant's motion to file an amended answer and counterclaim.

On March 3, 1977, this Court granted the motion to affirm. Defendant then sought leave to appeal to the Michigan Supreme Court. That Court vacated the decision of the Court of Appeals and remanded to this Court for plenary consideration, 402 Mich 825 (1977).

The essence of defendant Meridian's answer and counterclaim was that the assignment and guarantee of the note were given to plaintiff NAG as security for funds advanced by plaintiff to or on behalf of Huron Die Casting Company, a subsidiary of defendant Meridian, which plaintiff was in the process of acquiring. This contemporaneous oral agreement to hold the note and defendant's guarantee as security only were not incorporated into the written guarantee because of the refusal of Meridian's accountants to accept a conditional guarantee.

In its motion for summary judgment, plaintiff set out the terms of the assignment and guarantee and argued that the parol evidence rule would preclude any evidence of the contemporaneous oral agreement alleged in defendant's answer and counterclaim.

With respect to defendant's counterclaim, plaintiff's motion for summary judgment was brought under GCR 1963, 117.2(1), failure to state a claim upon which relief can be granted and, with respect to defendant's answer, the motion was brought under GCR 1963, 117.2(2), failure to state a valid defense. Motions based solely on these court rules are to be tested by the pleadings alone. *Chatham Super Markets, Inc v Ajax Asphalt Paving, Inc,* 370 Mich 334; 121 NW2d 836 (1963). All well-pleaded material allegations must be taken as

true. *Martin v Fowler,* 36 Mich App 725; 194 NW2d 524 (1971), *Wynn v Cole,* 68 Mich App 706; 243 NW2d 923 (1976).

Essentially, the defense and counterclaim stated that there was a contemporaneous oral agreement that the assignment and guarantee of the note were to be held only as security for funds advanced by plaintiff to defendant's subsidiary Huron. If the parol evidence rule, as a matter of law, precludes proof of the oral agreement, defendant has failed to state a valid defense or counterclaim, even if defendant's allegations are taken as true.

The trial court, we note, was also extremely concerned with respect to material issues of fact under GCR 1963, 117.2(3) and incorporated that language in his order granting the motion, along with appropriate language under (1) and (2). Defendant does argue that there were material issues of fact which barred summary judgment. Even if the court did treat the motion as being made under (3) as well as (1) and (2), his error was harmless since neither party was misled. *Cf. Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974).

The basic question in this case is whether the parol evidence rule would prohibit admission of evidence of the alleged oral agreement to hold the assignment and guarantee as security only.

When two parties have made a contract and have expressed it in writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing. 3 Corbin on Contracts, § 573.

In *Goodwin, Inc v Orson E Coe Pontiac, Inc,* 392 Mich 195; 220 NW2d 664 (1974), the Supreme

Court stated the parol evidence rule in these terms:

"Where a contract is clear and unambiguous, parol evidence of negotiations cannot be admitted to vary the contract". The Court noted several exceptions to the rule, one of which allowed the admission of parol evidence to explain ambiguous language in the contract. The Court propounded the following rules concerning clarification of ambiguous terms:

"1) Where ambiguity may exist in a contract, extrinsic evidence is admissible to prove the existence of ambiguity.

"2) Where ambiguity may exist in a contract, extrinsic evidence is admissible to indicate the actual intent of the parties.

"3) Where ambiguity exists in a contract, extrinsic evidence is admissible to indicate the actual intent of the parties as an aid in the construction of the contract." 392 Mich 209–210.

In *Union Oil Co v Newton,* 397 Mich 486; 245 NW2d 11 (1976), however, the Court, in a perceptible shift, adopted a modified interpretation of the parol evidence rule. *Newton* noted that the real question in a case involving parol evidence is whether or not the proffered parol evidence "is inconsistent with the written language. If there is no inconsistency, the parol evidence is admissible". 397 Mich at 488. In support of this, the Court cited Restatement Contracts 2d, § 239(1), which reads, "A binding integrated agreement discharges prior agreements to the extent that it is *inconsistent* with them". 397 Mich at 488, fn 1. (Emphasis in original.)

*Newton* is in accord with pre-*Goodwin* cases which use the inconsistency—opposed to the ambi-

guity—language "The trial court should not have allowed oral testimony which was so completely inconsistent with the written instruments". *Gorsche v First National Bank of Manistique,* 233 Mich 428, 439; 206 NW 992 (1926). See also *Wright v Seco Metals, Inc,* 38 Mich App 410; 196 NW2d 341 (1972).

In *Michigan National Bank of Detroit v Holland-Dozier-Holland Sound Studios,* 73 Mich App 12; 250 NW2d 532 (1976), a panel of this Court held, and we believe correctly, that *Newton* had surreptitiously reversed *Goodwin.* The Court interpreted the word "inconsistent" to be synonymous with "contradictory". See also *Oakland County v Detroit,* 81 Mich App 308; 265 NW2d 130 (1978).

Using the standards articulated in *Newton* and *Holland-Dozier-Holland,* we find the proposed evidence in violation of the parol evidence rule as that rule has developed in Michigan. The contemporaneous oral agreement alleged in defendant's answer and counterclaim directly contradicts the terms of the written instrument. The instrument was clear and unambiguous, guaranteeing payment unconditionally. The contemporaneous oral agreement alleged that the assignment and guarantee of the note were to be held only as security for funds advanced by plaintiff to defendant's subsidiary, Huron. Unless we are to destroy settled principles of contract law, we cannot permit the admission of the parol evidence.

Defendant seeks to convert the written guarantee, unconditional and unambiguous on its face, into a conditional security agreement, through the use of parol evidence. Nor do we find persuasive defendant's reliance, in attempting this conversion, on cases dealing with the imposition of equitable mortgages: those cases are inapposite to the

case at bar. If the parol evidence rule is to be of any effect at all, it should certainly be applied in this case. The trial court properly concluded that the parol evidence rule precluded proof of defendant's defense and counterclaim and the order granting summary judgment was not error.

We briefly address defendant's contention that the trial court erred in denying defendant's motion to amend its pleadings. GCR 1963, 117.3 provides in pertinent part:

"Each party shall be given opportunity to amend his pleadings as provided by Rule 118 unless the evidence then before the court shows amendment would not be justified."

GCR 1963, 118.1 permits amendment "as a matter of course" within 15 days after service of a responsive pleading, but its effect is limited by the proviso in GCR 1963, 117.3, "unless the evidence then before the court shows amendment would not be justified". The relevant question is whether the trial court was correct in concluding that the evidence before the court showed that the amendment would not be justified.

On appeal, the test is whether the trial court abused its discretion in denying the motion to amend. *Fred Gibbs, Inc v Old Colony Insurance Co,* 30 Mich App 352; 186 NW2d 396 (1971). Moreover, the trial court must state its reasons for denying the motion to amend, although this can ordinarily be done in the granting of summary judgment. *Taylor Board of Education v Taylor Federation of Teachers,* 66 Mich App 695; 239 NW2d 713 (1976).

There was no evidence that the trial court abused its discretion in denying the motion to amend. Because of the principles of estoppel, the doctrine of apparent authority, and the parol evi-

dence rule, the court found that defendant's desired amendment was not justified by the evidence. A more succinct statement of those findings may have been desirable, but it was made in the granting of summary judgment. *Taylor Board of Education v Taylor Federation of Teachers, supra.*

Affirmed.