NAG ENTERPRISES, INC v ALL STATE INDUSTRIES, INC

Docket No. 62114. Decided December 10, 1979. On application by
defendant Meridian Industries, Inc., for leave to appeal the
Supreme Court, in lieu of granting leave to appeal, reversed the
judgment of the Court of Appeals, and remanded the case to
the circuit court for further proceedings. Rehearing denied
*post,* 1164.

NAG Enterprises, Inc., brought an action against All State Indus-
tries, Inc., and Meridian Industries, Inc., for judgment on a
promissory note between the defendants which had been as-
signed to the plaintiff with an unconditional guarantee of
payment by the payee, defendant Meridian Industries, Inc. A
default judgment was entered against defendant All State
Industries, Inc., but defendant Meridian Industries, Inc., an-
swered and counterclaimed on the theory that the assignment
was not unconditional but was part of a security agreement
and that the plaintiff had been reimbursed for the advances
that the assignment was meant to secure. The plaintiff moved
for summary judgment on the ground that the parol evidence
rule prohibited defendant Meridian from seeking to vary the
written terms of the note and guarantee which were uncondi-
tional and unambiguous. The Oakland Circuit Court, James S.
Thorburn, J., granted summary judgment for the plaintiff. The
Court of Appeals, D. F. Walsh, P.J., and D. E. Holbrook and
R. M. Maher, JJ., upon remand by the Supreme Court for
plenary consideration, affirmed in a per curiam opinion (Docket
No. 77-5209). Defendant Meridian Industries, Inc., applies for
leave to appeal. *Held:*

The prerequisite to the application of the parol evidence rule
is a finding that the parties intended the written instrument to
be a complete expression of their agreement as to the matters
covered. Extrinsic evidence of prior or contemporaneous agree-
ments or negotiations is admissible insofar as it bears on the
threshold question whether the written instrument is such an
"integrated" agreement. Defendant Meridian's answer and
counterclaim in this case raised the issues whether the note
and the assignment and guarantee constituted the complete
agreement of the parties and whether the agreement had been
breached. Thus, the answer stated a valid defense to the

plaintiff's claim, and the counterclaim stated a claim upon which relief could be granted. It was error to grant the plaintiff's motion for summary judgment.

The judgments of the Court of Appeals and Oakland Circuit Court are reversed, and the case is remanded to the Oakland Circuit Court for further proceedings.

85 Mich App 194; 270 NW2d 738 (1978) reversed.

*Hardig, Goetz, Heath & Baumhart (Bushnell, Gage, Reizen & Byington,* of counsel) for plaintiff.

*Evans & Luptak* (by *D. Michael Kratchman)* for defendant Meridian Industries, Inc.

PER CURIAM. The issue raised by this case is whether evidence extrinsic to a written document, unambiguous on its face, may be used to establish that the document did not represent the entire agreement of the parties. The trial court and the Court of Appeals held that the parol evidence rule precluded the use of extrinsic evidence and concluded that the plaintiff was entitled to summary judgment. We disagree and reverse.

I

Plaintiff NAG Enterprises, Inc., brought this action against defendants All State Industries, Inc., and Meridian Industries, Inc., seeking a judgment against All State on a promissory note between it as payor and Meridian as payee, and against Meridian on the written guarantee of payment it gave when it assigned the note to NAG.

A default judgment was entered against All State for failure to answer the complaint. However, Meridian filed an answer and a counterclaim in which it maintained that the assignment of the note and giving of the written guarantee were not unconditional but were part of a more complicated

security agreement and that NAG had been reimbursed for the advances that the assignment and guarantee were meant to secure.

NAG moved for summary judgment, arguing that as to its claim Meridian had failed to state a valid defense, and as to the counterclaim Meridian had failed to state a claim on which relief could be granted. GCR 1963, 117.2, subrules (1) and (2). NAG claimed that the parol evidence rule prohibited Meridian from seeking to vary the terms of the guarantee.

The trial court granted the motion and the Court of Appeals initially granted NAG's motion to affirm. We vacated that decision and remanded to the Court of Appeals for plenary consideration. 402 Mich 825 (1977). Thereafter, the Court of Appeals affirmed in a per curiam opinion. 85 Mich App 194; 270 NW2d 738 (1978).

## II

Meridian conceded the execution of the assignment and guarantee, and there is no dispute that, in form, they are unconditional and unambiguous and do not refer to their part in any security transaction.[1]

The Court of Appeals stated as the applicable legal principle that:

"When two parties have made a contract and have expressed it in writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the

---

[1] It should be noted that the assignment and guarantee are not a negotiable instrument; thus, the principles applicable to negotiable instruments do not apply. MCL 440.3104(1)(b); MSA 19.3104(1)(b).

writing. 3 Corbin on Contracts, § 573." 85 Mich App 198.

The court went on to discuss *Goodwin, Inc v Orson E Coe Pontiac, Inc,* 392 Mich 195; 220 NW2d 664 (1974), and *Union Oil Co of California v Newton,* 397 Mich 486; 245 NW2d 11 (1976), and concluded that the test for applying the parol evidence rule is whether the extrinsic evidence seeks to contradict the terms of the written instrument.

This analysis overlooks the prerequisite to the application of the parol evidence rule: there must be a finding that the parties intended the written instrument to be a complete expression of their agreement as to the matters covered.[2] Extrinsic evidence of prior or contemporaneous agreements or negotiations is admissible as it bears on this threshold question of whether the written instrument is such an "integrated" agreement.[3] As we said in *Goodwin, Inc v Orson E Coe Pontiac, Inc, supra:*

"A number of well-established exceptions to the parol evidence rule have been recognized, however, by Michigan courts. For example, the rule does not preclude admission of extrinsic evidence showing: that the writing was a sham, not intended to create legal relations, *Tepsich v Howe Construction Co,* 377 Mich 18, 23-25;

---

[2] Restatement Contracts, 2d (Tentative Draft No. 5, 1970), § 235.

[3] Restatement Contracts, 2d (Tentative Draft No. 6, 1971), § 240, p 36, states, in relevant part:

"Evidence of Prior or Contemporaneous Agreements and Negotiations.

"Agreements and negotiations prior to or contemporaneous with the adoption of a writing are admissible in evidence to establish

"(a) that the writing is or is not an integrated agreement;

"(b) that the integrated agreement, if any, is completely or partially integrated."

138 NW2d 376 (1965); that the contract has no efficacy or effect because of fraud, illegality, or mistake, *Rood v Midwest Matrix Mart, Inc,* 350 Mich 559, 564-567; 87 NW2d 186 (1957); *Schupp v Davey Tree Expert Co,* 235 Mich 268, 271; 209 NW 85 (1926); that the parties did not 'integrate' their agreement, or assent to it as the final embodiment of their understanding, *Mardon v Ferris,* 328 Mich 398, 400; 43 NW2d 904 (1950); *Wagner v Egleston,* 49 Mich 218; 13 NW 522 (1882); or that the agreement was only 'partially integrated' because essential elements were not reduced to writing, *Brady v Central Excavators, Inc,* 316 Mich 594; 25 NW2d 630 (1947)." 392 Mich 204.

## III

Meridian's answer and counterclaim in this case raised the issues of whether the note and the assignment and guarantee constituted the complete agreement of the parties and whether the agreement had been breached. Thus, Meridian's answer stated a valid defense to NAG's claim, and its counterclaim stated a claim on which relief could be granted. It was error to grant NAG's motion for summary judgment.

Accordingly, in lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the judgments of the Court of Appeals and Oakland Circuit Court and remand to the Oakland Circuit Court for further proceedings.

The plaintiff's motions to dismiss and to affirm are denied.

Coleman, C.J., and Kavanagh, Williams, Levin, Fitzgerald, Ryan, and Blair Moody, Jr., JJ., concurred.