## VERGOTE v K MART CORPORATION

Docket No. 62258. Submitted October 20, 1982, at Detroit.—Decided April 19, 1983. Leave to appeal denied, 417 Mich 1100.39.

Plaintiffs, Leo Vergote and Elizabeth Vergote, brought an action in the Oakland Circuit Court against defendant K Mart Corporation alleging breach of contract in the performance of certain terms of an offer to purchase real estate. Defendant answered, alleging that it had fulfilled its obligation under the written contract. Defendant then moved for summary judgment, alleging there was no genuine issue as to any material fact. The trial court, James S. Thorburn, J., granted the defendant's motion and issued an order accordingly. Plaintiffs appeal. *Held:*

1. The trial court erred in granting defendant's motion for summary judgment since a genuine issue existed as to integration of the contract involved.

2. The trial court erred in applying the parol evidence rule to bar extrinsic evidence of the parties' prior oral agreement. Such evidence was admissible to show that the written contract was not a complete and accurate expression of their agreement.

Reversed and remanded for trial.

1. EVIDENCE — PAROL EVIDENCE.

One prerequisite for the application of the parol evidence rule is a finding that the parties intended the written instrument to be a complete expression of their agreement as to the matters covered; therefore, extrinsic evidence of prior or contemporaneous agreements or negotiations is admissible as it bears on the threshold question of whether the written instrument is such an integrated agreement.

2. JUDGMENTS — SUMMARY JUDGMENT — APPEAL — COURT RULES.

A trial court errs in granting a defendant's motion for summary judgment based on the ground that except as to the amount of damages there is no genuine issue as to any material fact

REFERENCES FOR POINTS IN HEADNOTES
[1] 30 Am Jur 2d, Evidence § 1044.
[2] 73 Am Jur 2d, Summary Judgment §§ 26, 27.

where a genuine issue exists as to a material fact in the lawsuit
(GCR 1963, 117.2[3]).

*Richard A. Smith,* for plaintiffs.

*Faintuck, Shwedel, Wolfram & Braitman* (by
*William G. Wolfram),* for defendant on appeal.

Before: R. M. MAHER, P.J., and BRONSON and
CYNAR, JJ.

PER CURIAM. In the late 1960's plaintiff Leo
Vergote and an investment partner purchased
approximately 101 acres of land in Macomb
County. In the mid-1970's Leonard Berman in-
formed Mr. Vergote that he had a buyer for about
20 acres of the parcel. The land was to be the site
of a new shopping center. Mr. Vergote understood
that Mr. Berman represented Fred Gordon. Plain-
tiffs and Mr. Gordon executed an offer to purchase
real estate on December 19, 1977, regarding 23
acres near Gratiot Avenue and 23 Mile Road.
Because plaintiffs were selling only part of their
land they insisted that the purchaser construct
and dedicate for public use a new access road.
There were three links in the proposed access
road. The first link ran south from 23 Mile Road
to the northeast corner of the development. The
second link ran southwest from the northeast
corner to the southeast corner of the development.
This link ran directly behind the shopping center.
The final link ran northwest to Gratiot Avenue.
The offer to purchase real estate originally pro-
vided in ¶10 that the purchaser would construct
this road and dedicate it to public use:

"The Purchaser agrees that the road indicated on the
attached site plan and indicated as Exhibit A, shall be
constructed by the Purchaser, at Purchaser's expense,

and said road shall be constructed in accordance with the Macomb County Road Commission requirements for commercial and industrial use and shall contain sanitary storm sewers and municipal water and said road and other improvements shall be constructed from 23 Mile Road to the point marked Point A or as subsequently indicated on the survey. The road to be constructed shall be dedicated to public use."

At the closing held on February 1, 1978, plaintiffs learned for the first time that defendant K Mart Corporation would be the ultimate purchaser of the property. They also learned that defendant was reluctant to construct the second portion of the proposed roadway because it was unimportant for defendant's purposes. Mr. Vergote continued to insist that he would not sell unless the purchaser constructed and dedicated the entire roadway and was concerned that defendant would be unable to dedicate the first and third links without the connecting road. At that time, defendant's representatives allayed his fears, Mr. Vergote reported in his deposition, by assuring him that they would do "whatever we have to do to get them dedicated even if it takes the loop road". The offer to purchase was amended, however, to eliminate defendant's obligation to construct and dedicate the access road:

"Paragraph 10 of the Offer is amended to provide for improvement of the Land with roads and related rights-of-way as outlined in red on the attached Exhibit 'B'. The portion of the access road shown on Exhibit 'B' and related rights-of-way which is not marked in 'Red' shall be purchased by Purchaser and dedicated as a road and right-of-way; provided, however, that Purchaser shall not be required to improve the area so dedicated as presently required by Paragraph 10. Seller shall be entitled and shall have the right to improve the dedicated area with a road and other improvements, and

connect to the roads to be installed by Purchaser, if he so elects. The dedication of the improved roads as well as the dedication of the Land which is not required to be improved shall occur upon the completion of the roads and the written notice from Seller that he desires the roads to be dedicated. Purchaser shall be required to dedicate the roads in the condition 'as is' and shall not be required to change the roads, utilities and/or other improvements installed by Purchaser."

So amended, the parties executed the offer to purchase.

The shopping center and the two side roads—the first and third links in the roadway—were constructed. Macomb County, however, would not accept dedication of the side roads without construction of the connecting road. The defendant refused to spend the $92,000 necessary to construct this road. When defendant's representatives told these facts to Mr. Vergote, he insisted that defendant was obligated to construct and dedicate the side roads.

Plaintiffs filed suit alleging that defendant had breached its contract by failing to secure the dedication of the two side roads. The defendant answered that it had fulfilled its obligations under the written contract. Defendant then moved for summary judgment pursuant to GCR 1963, 117.2(3). The trial court granted the motion and plaintiffs appeal.

The sole issue on appeal is whether the trial court erred in granting defendant's motion for summary judgment pursuant to GCR 1963, 117.2(3).

The plaintiffs argue that summary judgment was improperly granted because evidence that defendant's representatives orally promised to dedicate the side roads creates a genuine issue as to

defendant's contractual obligations. The defendant maintains that the parol evidence rule prevents the trial court from considering this extrinsic evidence because the written contract unambiguously provides that the defendant had no such obligation. Consequently, defendant argues, this evidence may not be used to create a genuine issue of material fact. The trial court, in granting the motion, apparently agreed.

We must decide, then, whether the parol evidence rule bars consideration of extrinsic evidence that defendant agreed to do whatever was necessary to ensure dedication of the roads. We hold that it does not. The parol evidence rule may be formulated as follows:

> "When two parties have made a contract and have expressed it in writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing. 3 Corbin, Contracts, § 573." *NAG Enterprises, Inc v All State Industries, Inc,* 85 Mich App 194, 198; 270 NW2d 738 (1978), *rev'd on other grounds* 407 Mich 407; 285 NW2d 770 (1979).

One prerequisite for the application of the rule is "a finding that the parties intended the written instrument to be a complete expression of their agreement as to the matters covered". *NAG Enterprises, Inc v All State Industies, Inc,* 407 Mich 407, 410; 285 NW2d 770 (1979) (footnote omitted). Consequently "[e]xtrinsic evidence of prior or contemporaneous agreements or negotiations is admissible as it bears on this threshold question of whether the written instrument is such an 'integrated' agreement". 407 Mich 410 (footnote omitted). Thus, in the instant case, evidence of the

parties' prior oral agreement is admissible to show that the written contract is not a complete and accurate expression of their agreement.

Integration of the contract is a material fact in this lawsuit. Upon considering the deposition of Leo Vergote it is apparent that a genuine issue existed as to this material fact. Consequently, the trial court erred in granting defendant's motion for summary judgment.

Reversed and remanded for trial. Plaintiffs may tax costs.