OMEGA CONSTRUCTION COMPANY, INCORPORATED v
MURRAY

Docket No. 63723. Submitted June 7, 1983, at Lansing.—Decided
October 10, 1983.

Defendant, Norbert T. Murray, contracted with plaintiff, Omega
Construction Company, Incorporated, to have plaintiff build a
shopping plaza. The contract provided that plaintiff build a
Kroger store to "turnkey" completion and leave the remainder
of the plaza in "shell" condition. The contract set the price for
construction at $1,114,000. On the same day the contract was
signed, the defendant executed a noninterest-bearing note to
plaintiff providing for payment of $326,000 after satisfactory
completion of the construction contract and 90 days after
written demand for such payment. Plaintiff built the shopping
plaza and was paid the full construction contract price. How-
ever, defendant failed to pay the note upon written demand.
Plaintiff sent a letter to defendant threatening suit if defendant
failed to sign a new note incorporating a payment schedule and
interest. Defendant executed the second note but made no
payments thereon. Plaintiff thereafter brought an action in the
Bay Circuit Court seeking to recover on the note. At the
conclusion of the parties' opening statements, the trial court,
Eugene C. Penzien, J., granted a summary judgment to the
plaintiff. Defendant appeals. *Held:*

1. The trial court correctly determined that the 12% interest
rate incorporated into the promissory note was not usurious.
An interest rate of up to 19% was allowable under 12 USC 86a.

2. The trial court erred in holding that the parol evidence
rule barred extrinsic evidence offered by defendant regarding
whether the first note was intended to be a complete integra-
tion of the parties' agreement or whether a condition alleged by
defendant was a prerequisite to payment of the note. The

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 142.
[2] 11 Am Jur 2d, Bills and Notes § 307.
[3, 4] 17 Am Jur 2d, Contracts §§ 68, 260.
   30 Am Jur 2d, Evidence § 1043.
[5] 17 Am Jur 2d, Contracts §§ 459 *et seq.,* 469.

integration of the note was strongly contested by defendant, the parties disputed the price agreed upon for completion of the shopping plaza and the work included in the entire agreement. Evidence of oral negotiations and agreements was admissible to resolve this material issue.

3. Defendant's argument that the second note is unenforceable for lack of consideration is without merit.

4. The trial court properly ruled that the defenses of fraud, misrepresentation, and mutual mistake were unavailable to defendant since defendant's pleadings did not state those defenses.

Reversed and remanded.

1. INTEREST — LOANS — UNITED STATES CODE — PERSON.

The United States Code provision concerning interest on business and agricultural loans of $1,000 or more applies to loans made by a "person" (12 USC 86a).

2. BILLS, NOTES, AND CHECKS — DEFENSES — RENEWAL NOTES.

A defense which is open on an original note is open on a renewal note between the original parties.

3. EVIDENCE — PAROL EVIDENCE RULE — INTEGRATED AGREEMENTS.

The parol evidence rule precludes the admission of evidence of antecedent understandings and negotiations to vary or contradict a contract which the parties have agreed is complete and integrated; however, extrinsic evidence of prior or contemporaneous agreements or negotiations is admissible as it bears on the threshold question of whether a written instrument is such an integrated agreement.

4. EVIDENCE — PAROL EVIDENCE RULE — INTEGRATED AGREEMENTS.

There must be a finding that the parties intended a written instrument to be a complete expression of their agreement as to the matters covered before the parol evidence rule may be applied to exclude extrinsic evidence concerning the agreement.

5. CONTRACTS — CONSIDERATION — MODIFICATION OF CONTRACTS.

An agreement to change or modify any contract, obligation, lease, or any mortgage or other security interest in personal or real property is not invalidated because of an absence of consideration where the modification agreement is in writing and signed by the party against whom the modification is sought to be enforced (MCL 566.1; MSA 26.978[1]).

*Tolley, Fisher & Verwys, P.C.* (by *Mark H. Verwys* and *Sharon R. Brinks),* for plaintiff.

*Patterson, Gruber & Kennedy* (by *Brian M. Kennedy),* for defendant.

Before: DANHOF, C.J., and ALLEN and K. N. HANSEN,* JJ.

DANHOF, C.J. Defendant, Norbert T. Murray, contracted with plaintiff, Omega Construction Company, Incorporated, to have plaintiff build a shopping plaza. The contract, signed by the parties on March 30, 1979, provided that plaintiff would build a Kroger store to "turnkey" (ready for occupancy) completion and leave the remainder of the plaza in "shell" (ceiling and walls only) condition. The contract set the price for construction at $1,114,000. On the same day, defendant executed a noninterest-bearing note to plaintiff providing for payment of $326,000 after satisfactory completion of the construction contract and 90 days after written demand.

Plaintiff built the shopping plaza and was paid the full construction contract price. Defendant failed to pay the note upon written demand, and plaintiff sent a letter threatening suit if defendant failed to sign a new note incorporating a payment schedule and interest. Defendant executed the second note on December 11, 1980, but made no payments thereon.

At trial, defendant claimed that the original promissory note was contingent upon plaintiff's completing the entire plaza to "turnkey" status. He argued that he signed the second note as an accommodation to plaintiff, to satisfy plaintiff's bonding company, and because plaintiff led defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dant to believe that he owed the additional amount due to cost overruns. Defendant also argued that the interest rate of 12% on the second note was usurious. The trial court granted summary judgment to plaintiff, pursuant to GCR 1963, 117.2, subds (2) and (3), at the conclusion of the parties' opening statements at trial.

On appeal, defendant argues that the trial court erred by holding that the interest rate on the December note was not usurious. Defendant bases his argument on 12 USC 86a, and contends that the section applies to national banks only.

12 USC 86a provides:

"(a) If the applicable rate prescribed in this section exceeds the rate a person would be permitted to charge in the absence of this section, such person may in the case of a business or agricultural loan in the amount of $1,000 or more, notwithstanding any State constitution or statute which is hereby preempted for the purposes of this section, take, receive, reserve, and charge on any such loan, interest at a rate of not more than 5 per centum in excess of the discount rate, including any surcharge thereon, on ninety-day commercial paper in effect at the Federal Reserve bank in the Federal Reserve district where the person is located.

## Definitions

"(b) For the purpose of this section—

"(1) the term 'loan' includes all secured and unsecured loans, credit sales, forbearances, advances, renewals or other extensions of credit made by or to any person or organization for business or agricultural purposes;

"(2) the term 'interest' includes any compensation, however denominated, for a loan;

"(3) the term 'organization' means a corporation, government or governmental subdivision or

agency, trust, estate, partnership, cooperative, association, or other entity; and

"(4) the term 'person' means a natural person or organization."

Defendant's argument is undercut by the fact that 12 USC 85 sets forth the interest rate chargeable by an "association". "Associations" are defined in 12 USC 37 as associations organized to carry on the business of banking under any act of Congress. Since 12 USC 85 expressly applies to national banks only, we see no reason to read § 86a as applying solely to the same lenders. The plain language of the statute indicates that it applies to loans made by a "person". State law is specifically pre-empted by § 86a, and interest at the rate of "5 per centum in excess of the discount rate, including any surcharge thereon" is allowed. According to the affidavit submitted by plaintiff, uncontested by defendant, the federal discount rate in effect at the time defendant signed the second note was 12%, plus a surcharge of 2%. An interest rate of up to 19% was therefore allowable under § 86a. The trial court correctly determined that the 12% interest rate incorporated in the promissory note was not usurious.

Defendant also argues that the trial court erred by holding that the parol evidence rule barred extrinsic evidence offered by defendant to show that the first promissory note was contingent upon completion of the entire plaza to "turnkey" status and that the note was also designed to cover overruns on certain costs.

We note initially that defenses open on an original note are open on renewal notes between the original parties. *Warner v Fallon Coal Mines Co*, 246 Mich 493; 224 NW 601 (1929). Plaintiff con-

ceded this at trial and the trial court allowed argument on the March note.

The parol evidence rule precludes the admission of evidence of antecedent understandings and negotiations to vary or contradict a contract which the parties have agreed is complete and integrated. *NAG Enterprises, Inc v All State Industries, Inc,* 407 Mich 407; 285 NW2d 770 (1979); 3 Corbin, Contracts, § 573. However, "[e]xtrinsic evidence of prior or contemporaneous agreements or negotiations is admissible as it bears on this threshold question of whether the written instrument is such an 'integrated' agreement". *NAG Enterprises, supra,* p 410. (Footnote omitted.)

We find that the trial court erred in excluding defendant's proffered parol evidence on the note. Although the instant note appears complete on its face, before the parol evidence rule may be applied to exclude extrinsic evidence, "there must be a finding that the parties intended the written instrument to be a complete expression of their agreement as to the matters covered". *NAG Enterprises, supra,* p 410. (Footnote omitted.) See also *Vergote v K Mart Corp,* 125 Mich App 48; 336 NW2d 229 (1983). The integration of the note is strongly contested by defendant here. The parties dispute the price agreed upon for completion of the shopping plaza and the work included in the entire agreement. Evidence of oral negotiations and agreements was admissible to resolve this material issue. In *Sawyer v Arum,* 690 F2d 590 (CA 6, 1982), the court, applying Michigan law, considered a similar fact situation heard by the trial court without a jury. The court summarized the relevant Michigan law and concluded:

"Pursuant to the clear and controlling pronouncements of the Michigan Supreme Court, it is plain that

the district court was not obligated to find evidence of facial ambiguity in the contract prior to considering extrinsic evidence of intent herein. Indeed, as specifically noted in *NAG Enterprises,* the intent of the parties to integrate 'prior or contemporaneous agreements or negotiations' is a 'threshold' issue to interpreting an agreement. Simply stated, the identity of the full agreement must be ascertained prior to any interpretation of that agreement.

"Inasmuch as proof of the entire agreement between the parties rests upon a factual finding reflecting the intent of the parties in arriving at their agreements; and inasmuch as the trial judge was presented with direct testimony on this issue, not inconsistent with the circumstantial evidence of intent, the Court hereby affirms the decision below." *Sawyer, supra,* p 594.

The extrinsic evidence offered by defendant here must be presented to the jury to allow the jury to determine whether the note was intended to be a complete integration of the parties' agreement, or whether the condition alleged by defendant was a prerequisite to payment.

The remaining issues raised by defendant concern defenses available on the December note only. Defendant argues that the December note is unenforceable because no separate consideration was given by plaintiff. We disagree. MCL 566.1; MSA 26.978(1) provides that an agreement to change or modify "any contract, obligation, or lease, or any mortgage or other security interest in personal or real property" shall not be invalidated because of an absence of consideration where the modification agreement is in writing and signed by the party against whom the modification is sought to be enforced. A written agreement such as the present, which is based on a contract involving real property, is governed by this statute. See *Michigan National Bank of Detroit v Holland-Dozier-Holland*

*Sound Studios,* 73 Mich App 12, 17-18; 250 NW2d 532 (1976), *lv den* 402 Mich 846 (1978); *Hayes-Albion Corp v Kuberski,* 108 Mich App 642, 650; 311 NW2d 122 (1981). The December note was in writing and signed by defendant. Defendant's argument that the December note fails for lack of consideration is without merit. Even if consideration were required, plaintiff's forbearance from suit and extension of time to defendant to pay the debt would constitute sufficient consideration. *WKBW, Inc v Children's Bible Hour,* 332 Mich 569; 52 NW2d 219 (1952).

We find no error in the trial court's ruling that the defenses of fraud, misrepresentation, and mutual mistake were unavailable to defendant. Defendant's pleadings do not state these defenses under the rules set forth in GCR 1963, 111.7 and GCR 1963, 112.2. Defendant's pleadings, in their most favorable light, allege unilateral mistake only, which the trial court properly allowed defendant to argue.

We do not address defendant's remaining evidentiary issue, as the transcript clearly indicates that the trial judge refrained from ruling on the admissibility of evidence on construction practices and market prices.

Reversed and remanded for further proceedings consistent with this opinion. Costs to defendant.